UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re:<br>PEABODY ENERGY CORPORATION, et al.,<br><br>Reorganized Debtors,<br><br>————————————————————<br><br>DMS CONTRACTING, INC.,<br><br>Creditor-Appellant,<br><br>v.<br><br>PEABODY ENERGY CORPORATION, et al.,<br><br>Reorganized Debtors-Appellees. | Bankruptcy Case No. 16-42529-399<br><br><br><br>U.S. District Court<br>Case No. 4:18CV306 RLW |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Creditor-Appellant DMS Contracting, Inc.'s Appeal from the bankruptcy court's Order Granting Reorganized Debtors-Appellees Peabody Energy Corporation, et al.'s Motion for Attorneys' Fees and Expenses and the bankruptcy court's entry of Judgment awarding such fees and expenses against DMS Contracting, Inc. ("DMS") (ECF No. 14).

## Background[1]

In April, 2015, Creditor-Appellant DMS entered into an Agreement Between Owner and Design-Builder ("Contract") with Peabody Gateway North Mining, LLC ("Gateway"). Gateway operates an underground mine in Coulterville, Illinois. As the coal is mined, it is loaded onto a conveyer, which takes the coal to a preparation plant where the coal is washed to remove non-coal refuse. Gateway disposes of the fine and course refuse in large cells created by building

---

[1] The facts are taken from the underlying bankruptcy proceedings, Case No. 16-42529, specifically the Memorandum Opinion Regarding the DMS Claim (Bk. 16-42529 ECF No. 3500), and the parties' briefs filed in the present appeal (ECF Nos. 14, 17, 18).

earthen embankments that cordon off an area. In 2015, Gateway sought bids to expand the existing refuse disposal site and selected DMS to build a new refuse disposal cell ("Cell 5"). The Contract dated April 23, 2015 provided that DMS would be compensated on a unit of work basis and not on a time and material basis, as well as the amount of compensation not to exceed $5.986 million. Under the Contract, DMS also agreed to fully complete the work by October 15, 2015. Any claims for adjustments to the sum and time under the Contract could only be made in limited circumstances. In early 2016, Gateway became concerned about delays in the Cell 5 project, which DMS attributed to some risks out of DMS's control which created increases in time and costs, for which DMS sought additional compensation. DMS completed Cell 5 in July 2016.

On April 13, 2016, Peabody Gateway North Mining, LLC and Peabody Energy Corporation (collectively "Peabody") filed Voluntary Petitions for Bankruptcy under Chapter 11 of the United States Bankruptcy Code and the cases were procedurally consolidated. On August 19, 2016, DMS filed an administrative claim against Peabody for services performed after the Petition date allegedly due to unforeseen conditions at the construction site. The bankruptcy court disallowed DMS's claim on May 18, 2017, after which DMS filed a motion for rehearing. The bankruptcy court granted the motion for rehearing, but on October 12, 2017, the bankruptcy court held that DMS waived its claim under the terms of the Contract and thus DMS's claim was disallowed.

On November 16, 2017, 35 days after the bankruptcy court's order, Peabody filed a Motion for Attorneys' Fees and Expenses ("motion for fees") seeking an award of its attorneys' fees and expenses incurred in defending the DMS Claim pursuant to the terms of the Contract.[2]

---

[2] Section 13.6.12 of the Contract provides:

2

Following a hearing on the motion for fees, the bankruptcy court entered an Order and Judgment granting the motion and awarding attorneys' fees and expenses to Peabody and against DMS in the amount of $433,102.78. (Bk. 16-42529 ECF Nos. 3668 and 3669) On January 12, 2018, DMS filed an appeal from the Order and Judgment in the United States District Court for the Eastern District of Missouri. The parties also requested oral argument, which the Court finds is not warranted in this matter.

## **Standard of Review**

The Court has jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). On appeal, "the district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error." *In re Tasic*, No. 4:13CV00474 ERW, 2013 WL 2425130, at *4 (E.D. Mo. June 4, 2013) (citing *In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003)). "Under this standard, [the court's] review focuses upon whether there was a failure to apply the proper legal standard or whether the findings of fact are clearly erroneous." *In re Carter*, 502 B.R. 333, 335 (B.A.P. 8th Cir. 2013) (citation omitted). De novo review of a bankruptcy court's legal conclusions also applies to the interpretation of state law. *In re Dittmaier*, 806 F.3d 987, 989 (8th Cir. 2015) (citation omitted).

Further, the Court reviews issues committed to the bankruptcy court's discretion for an abuse of that discretion. *In re Tasic*, 2013 WL 2425130, at *4. (citing *In re Zahn*, 526 F.3d

---

> Should Owner [Peabody] be required to institute any arbitration, lawsuit proceeding, or action to enforce any of its rights set forth in the Contract Documents, then Owner shall be entitled to reimbursement from Design-Builder [DMS] for all reasonable attorneys' fees and costs incurred in such arbitration, lawsuit, proceeding or action. In the event Design-Builder institutes any proceeding or action against Owner and in the further event Owner prevails in such arbitration, lawsuit, proceeding or action, Design-Builder shall pay Owner the amount of Owner's reasonable attorneys' fees and expenses incurred in such action or proceeding.

(Brief of Reorganized Debtors ¶ 11, ECF No. 17)

3

1140, 1142 (8th Cir. 2008)). "An abuse of discretion occurs when the bankruptcy court fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." *Id.* (citation omitted).

## **Discussion**

Creditor-Appellant DMS raises five points on appeal: 1) the bankruptcy court erred in finding Peabody's motion for fees timely and unbarred despite Peabody's failure to comply with the 14-day requirement of Fed. R. Civ. P. 54; 2) the bankruptcy court erred in finding Peabody's motion for fees timely and unbarred under Missouri state law despite Peabody's failure to plead or request fees during the DMS claim proceedings; 3) the bankruptcy court erred in determining that Peabody was not required to assume or reject the executory contract to preserve recovery of a benefit thereunder; 4) the bankruptcy court erred in determining that the fee provision in the contract was enforceable against DMS post-confirmation despite its rejection; and 5) the bankruptcy court abused its discretion in determining that Peabody's fees were reasonable despite Peabody's failure to itemize the time entries to reflect work exclusively pertaining to the DMS claim. Upon careful consideration of the briefs and the relevant documents from the bankruptcy proceedings, the Court will reverse the bankruptcy court's Order and Judgment and remand the case for further proceedings.

DMS asserts that the bankruptcy court clearly erred in finding Peabody's motion for fees timely because Peabody failed to file the motion within 14 days as required by Rule 54 of the Federal Rules of Civil Procedure. Rule 54 provides, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Further, "the motion must be filed no later than 14 days after the entry of judgment" unless otherwise provided by statute or court order. Fed. R. Civ. P. 54(d)(2)(B)(i).

4

DMS contends that Peabody's motion was filed more than 14 days after the bankruptcy court's final order on DMS's claim and was therefore untimely under Rule 54. Peabody, on the other hand, asserts that Missouri substantive law applies, which treats attorneys' fees sought pursuant to a contract as an element of damages. Thus, Peabody argues that Rule 54's time limits do not apply, and the motion for fees was timely. DMS responds that the exception to Rule 54 does not apply here because Peabody's fees were incurred during the litigation of DMS' claim and not prior to initiating the contested hearing. In addition, even if Rule 54's exception did apply, Peabody failed to petition for its fees in accordance with the requirements of applicable substantive law.

During the hearing on Peabody's motion for attorneys' fees, the bankruptcy court stated that it was not convinced that Rule 54's 14-day requirement applied and instead adopted the case authority cited in Peabody's reply brief to its motion for fees, document number 3651. (Bk. 16-42529 ECF No. 3666 pp. 31-33) The bankruptcy court thus held that Rule 54 did not apply and granted Peabody's motion for fees. (Id.)

Peabody argued in the bankruptcy court, as it does in the present appeal, that Missouri substantive law treats attorneys' fees in contract disputes as an element of damages to be proven at trial, thus the time limits set forth in Rule 54 do not apply. In support of this contention, Peabody cites Missouri law, which provides, "[a]ttorney fees are recoverable in two situations: when a statute specifically authorizes recovery and when the contract provides for attorney fees." *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 445 (Mo. 2010). Further, in Missouri "it is established that attorney fees are special damages that must be pleaded specifically." *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 732 (Mo. Ct. App. 2014) (citation omitted). Thus, in order to award attorneys' fees in contract cases in Missouri, the

5

movant must specifically plead entitlement to attorneys' fees to place the opposing party on notice. *Id.* at 732-33.

The Court holds that the bankruptcy court's legal conclusion that Peabody is exempt from Rule 54 and the motion for fees was timely under Missouri substantive law requires a finding that Peabody sufficiently pleaded entitlement to attorneys' fees in the underlying bankruptcy proceedings. Here, the bankruptcy court made no such factual finding in its oral recitation finding that Rule 54 did not apply and adopting the case authority cited by Peabody. Further, while conceding that Missouri substantive law requires that attorneys' fees be pleaded specifically, Peabody does not assert in either the bankruptcy proceedings or this appeal that it fully complied with Missouri law. Indeed, Peabody cites authority for the proposition that an award of attorneys' fees must be vacated where not specifically pleaded. *See Conley v. Rauschenbach*, 863 S.W.2d 617, 620-21 (Mo. Ct. App. 1993) (vacating an award of attorneys' fees where sellers in a real estate contract failed to specifically seek attorney fees in their answer, counterclaim, or prayers for relief).

Applying the proper standard of review in this case,[3] the Court is unable to determine whether the bankruptcy court's finding of timeliness and award of attorneys' fees was proper under Missouri law because there is no factual finding as to whether Peabody pleaded special damages to review for clear error. The Eighth Circuit Court of Appeals has held that in bankruptcy appeals:

> the district court may not make its own independent factual findings. If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination.

---

[3] The Court notes that Peabody erroneously applies an abuse of discretion standard in reviewing the bankruptcy court's findings of fact and conclusions of law. (ECF No. 17 ¶¶ 29-31)

*Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987). Here, the bankruptcy court's findings are silent as to whether Peabody's specifically requested attorneys' fees in a pleading. This requirement is set forth in both Missouri substantive law and in the advisory notes of 54(d)(2)(A), upon which the bankruptcy court relies.[4] Absent more detailed findings of fact and conclusions of law, the Court cannot be expected to adequately review the proceedings below.

However, Peabody argues that DMS waived the argument that Peabody failed to specifically request attorneys' fees in Peabody's pleadings by not raising it before the bankruptcy court. The record belies this claim. During the hearing on Peabody's motion for fees, counsel for DMS argued that Peabody was required to plead and prove its entitlement to attorneys' fees before the bankruptcy court entered final judgment, or Peabody was required to request fees within 14 days under Rule 54. (Bk. 16-42529 ECF No. 3666 pp. 15-16) Further, the Court finds that Peabody's argument that it could not include a request for attorneys' fees in the contested matter and that 35 days is a reasonable time, is not properly before this Court.[5] As stated above, the bankruptcy court did not address whether Peabody specifically pleaded its request for attorneys' fees in the bankruptcy proceedings. Whether Peabody could or could not have sufficiently provided notice to DMS during the bankruptcy proceedings is a question for the bankruptcy court to determine on remand.

---

[4] The 1993 advisory notes for Rule 54(d) provide that the 14-day time limit for requesting attorneys' fees does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." Fed. R. Civ. P. 54(d)(2)(A).

[5] Peabody relies on *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 682 F. App'x 921, 927 (Fed. Cir. 2017) for the proposition that it properly requested attorneys' fees within a reasonable time after learning it was the prevailing party. Unlike the present case, however, the *Medtronic* court determined that Rule 54(d)(2) did not apply to the claim for attorney fees because the fees were pled and proven at trial as an element of damages and thus the claim was timely. *Id.* at 925, 927 (finding that plaintiff notified the parties of its intent to seek attorney fees during a status report to the district court).

Thus, the Court holds that this case must be remanded to the bankruptcy court for development of the court's findings of fact and conclusions of law in support of the Order and Judgment awarding attorneys' fees and expenses to Peabody. *In re WEB2B Payment Sols., Inc.*, No. 0:12-CV-02327 SRN, 2013 WL 2383599, at *2 (D. Minn. May 30, 2013). In light of the Court's remand, the Court need not address DMS's other arguments supporting the claim that the bankruptcy court erred in awarding attorneys' fees and expenses to Peabody. The Court notes, however, that should the bankruptcy court determine on remand that the motion for fees is timely and Peabody is entitled to fees, the bankruptcy court may want to revisit whether the $433,102.78 awarded to Peabody for attorneys' fees and expenses is reasonable and relates solely to the DMS claim. *See In re Clark*, 223 F.3d 859, 863 (8th Cir. 2000) (stating that the bankruptcy court has a duty to examine attorney fees for reasonableness)."

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Judgment Granting Reorganized Debtors' Motion for Attorneys' Fees and Expenses (Bk. 16-42529 ECF Nos. 3668 and 3669) is **REVERSED** and the action is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Missouri for further proceedings consistent with this Memorandum and Order.

Dated this 26th day of March, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**